**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| vs. | ) | Case No. 16 CR 159-1 |
| | ) | |
| ANTORONDI BENION | ) | |

**MEMORANDUM OPINION AND ORDER**

MATTHEW F. KENNELLY, District Judge:

Antorondi Benion pled guilty to access device fraud under 28 U.S.C. § 1029(a)(3) and aggravated identity theft under 18 U.S.C. § 1028A(a)(1). Mr. Benion's crimes involved using stolen military personnel records and data to fraudulently open financial accounts and conduct "takeovers" of existing accounts held by the persons whose data had been stolen. Mr. Benion also sold some of the data to another individual who he knew planned to use it to file false tax returns on behalf of the persons whose data had been stolen and fraudulently obtain refunds from the Internal Revenue Service.

At sentencing, Mr. Benion faced an advisory Sentencing Guidelines range of 63-78 months on the access device charge and a mandatory consecutive 24 months on the identity theft charge, a total of 87 to 102 months. The government asked for a sentence within the advisory range. The Court gave Mr. Benion a significant break from the advisory range—about a year and a half. In May 2017, the Court imposed a sentence of 46 months imprisonment on the access device charge and the mandatory consecutive sentence of 24 months on the identity theft charge, for a total of 70 months imprisonment.

Mr. Benion began serving his prison sentence in August 2017, a little over 38

months ago. He is currently serving his sentence at Duluth FPC, and his anticipated release date, given good time credits, is August 3, 2021. Mr. Benion has filed a motion for early release under 18 U.S.C. § 3582(c)(1)(A). He cites his medical conditions and the risks posed by the coronavirus. The parties agree that Mr. Benion has stage two chronic kidney disease and that this puts him at a higher risk for an adverse outcome if he contracts the coronavirus. See https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html?CDC_AA_refVal=https%3A%2F%2Fwww.cdc.gov%2Fcoronavirus%2F2019-ncov%2Fneed-extra-precautions%2Fgroups-at-higher-risk.html (last viewed Nov. 6, 2020).

As of today's date, there are 27 inmates at Duluth FPC who have currently tested positive for coronavirus and 11 others who previously tested positive and have recovered. https://www.bop.gov/coronavirus/ (last viewed Nov. 6, 2020). This is a greater number of positive-testing inmates than when Mr. Benion filed his motion, but far fewer than many other Bureau of Prisons institutions.

Mr. Benion's motion is made under section 603(b) of the First Step Act, which amended 18 U.S.C. § 3582(c)(1)(A) to provide a greater role for courts in determining whether to reduce a defendant's sentence based on "extraordinary and compelling reasons" warranting a reduction. As amended, and as applicable here, the statute provides that

> [t]he court may not modify a term of imprisonment once it has been imposed except that—
>
> (1) in any case—
>
> (A) the court, upon motion of the Director of the Bureau of Prisons,

2

> or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> > (i) extraordinary and compelling reasons warrant such a reduction;
> >
> > . . .
> >
> > and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

The parties agree that Mr. Benion has satisfied the administrative exhaustion requirement and that his kidney disease plus the coronavirus pandemic amounts to an "extraordinary and compelling reason[ ]" that would permit a sentence reduction. The Court also finds that policy statements issued by the Sentencing Commission even before the passage of the First Step Act included an open-ended provision broad enough to cover the circumstances argued by Mr. Benion. *See* U.S.S.G. § 1B1.13, app. note 1(D). *See, e.g., United States v. Reyes*, No. 04 CR 970, 2020 WL 1663129, at *2 (N.D. Ill. Apr. 3, 2020) (Leinenweber, J.).

This, however, does not entitle Mr. Benion to a sentence reduction. Before a court may reduce a sentence, it must consider the factors regarding imposition of an appropriate sentence set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3582(c)(1)(A). These include Mr. Benion's history and characteristics; the nature and circumstances of his crimes; due consideration of the seriousness of the crimes; promoting respect for the law; providing just punishment; affording adequate deterrence; protecting the public

3

from further crimes by Mr. Benion; and providing him with any necessary services and treatment.

The amount of time served to date by Mr. Benion does not adequately account for the seriousness of his offense; the Court concluded as much when it sentenced him to a prison term totaling 70 months. In addition, Mr. Benion, who is now 43 years old, has a significant criminal history: a 1995 conviction (at age 17) for armed robbery; a 1999 conviction for forgery, a 2008 conviction for forgery; a 2010 conviction for possession of a controlled substance; and a 2014 conviction for forgery. Before the present case, he had served four periods of imprisonment (including one for a parole violation), during each of which he served one year or more in custody. Despite this, Mr. Benion committed the very serious crimes for which he was convicted in the present case, which put at risk the financial well-being of numerous American military personnel.

Mr. Benion argues that he does not pose a danger to the community because none of his convictions are for violent offenses aside from his 1995 robbery conviction, which happened quite a long time ago. But this assumes that the only way a person can pose a danger is by committing a violent offense. Mr. Benion has a relatively recent history of fraud-related offenses, including the crimes for which he is now serving a prison sentence. Those crimes unquestionably put others at serious risk, if not physically then financially. And despite Mr. Benion's argument that he likely has "aged out" of committing such crimes, the Court is not entirely persuaded: he was already in his late 30s when he committed the very serious financial crimes for which he was convicted in this case.

In sum, the Court is not persuaded that consideration of the factors in 18 U.S.C.

4

§ 3553(a) warrants a further reduction of Mr. Benion's sentence beyond the break that he received via the below-range sentence that the Court imposed.

## Conclusion

For the reasons stated above, the Court respectfully denies Mr. Benion's motion for a sentence reduction [dkt. no. 179]. Mr. Benion remains fully eligible for home detention as of early February 2021, as indicated by Bureau of Prisons records.

Date: November 6, 2020

_____
MATTHEW F. KENNELLY
United States District Judge